IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUE STANSELL BROWN, individually ) <br> and as surviving spouse of ) <br> John Victor Brown, Jr., deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> DONNIE WEBB and ) <br> MIDWEST TRANSPORT, INC., ) <br> ) <br> Defendants. ) | Civil Action No. 3-11-cv-0340 <br> JUDGE TRAUGER <br><br> JURY DEMAND |

## [~~PROPOSED~~] REVISED INITIAL CASE MANAGEMENT ORDER

This matter came before the Court for an initial case management conference on July 25, 2011. Plaintiff and Defendants, pursuant to Local Rule 16.01, submit the following proposed case management order based on the conference.

### I. JURISDICTION

The Court has subject matter jurisdiction in this action pursuant to 42 U.S.C. § 1332 (diversity of citizenship). Personal jurisdiction is not contested.

### II. SERVICE OF PROCESS / STATUS OF RESPONSIVE PLEADINGS

Both Defendant Donnie Webb ("Webb") and Defendant Midwest Transport, Inc. have been served with process. Neither Defendant has answered the complaint, given that the parties currently are engaged in preliminary settlement discussions. Sentinel Insurance Company, LTD. ("Sentinel") was served as the alleged uninsured/underinsured motorist carrier for the Plaintiff and filed an answer on June 24, 2011.

### III. BRIEF THEORIES OF THE PARTIES

**A.** **PLAINTIFF:** On the afternoon of October 1, 2010, John Victor Brown, Jr. ("Vic Brown") was driving east on U.S. Interstate 40 in Wilson County, Tennessee in his Ford F-150 pick up truck. Because of a small grass fire off of the right-hand side of the interstate, traffic was moving slowly as some cars merged from the right-hand lane into the left-hand lane. At approximately 3:30 p.m., Mr. Brown was traveling in the left-hand lane of the interstate at approximately nine (9) miles per hour as a result of the slow-moving traffic. At that time, a tractor trailer driven by Defendant Webb, who is employed by Defendant Midwest Transport, Inc., slammed into the rear of Mr. Brown's F-150 while traveling over sixty (60) miles per hour. Defendant Webb ran the tractor trailer into the rear of Mr. Brown's F-150 with such force and violence that the F-150 was forced off the left side of the road into the median and rolled over. As a result of the crash, Mr. Brown sustained massive and ultimately fatal neurological and internal injuries.

The conduct of Midwest Transport, Inc.'s driver was negligent and reckless. Defendant Webb had more than enough sight distance and time within which to slow down his tractor trailer. Defendant Webb had no blocked views, no visibility problems, daylight, clear weather, and an open highway. There were multiple vehicles slowing in front of and around Vic Brown's F-150. The brake lights of Mr. Brown's F-150 were on, as were the brake lights of many other vehicles that had slowed on the interstate. There was no reason for the truck driver not to see what was there to be seen and to have stopped. Yet, Midwest Transport, Inc.'s driver failed to apply his brakes until immediately prior to impact, only slightly slowing the tractor trailer from its cruising speed of approximately sixty-eight (68) miles per hour.

Plaintiff Sue Brown, individually and as surviving spouse of Vic Brown, brings this action against Defendants Webb and Midwest Transport, Inc. for the wrongful death of her husband pursuant to Tenn. Code Ann. §§ 20-5-106, -107, -110 and -113. At all times material, Defendant Webb was employed by Defendant Midwest Transport, Inc., was on or about Midwest Transport Inc.'s business, was acting within the scope and course of his employment with Midwest Transport, Inc., and was acting with Midwest Transport Inc.'s knowledge, permission, and consent in the operation of the tractor trailer. Plaintiff Sue Brown seeks compensatory and punitive damages. These include damages for the wrongful death of Vic Brown, including but not limited to the pain and suffering that he endured as a result of his injuries, medical and funeral expenses, and the pecuniary value of Vic Brown's life, including the loss of love, affection, society, companionship, care, support, and consortium of and with Vic Brown suffered by his wife and their children.

B.  **DEFENDANTS WEBB AND MIDWEST TRANSPORT, INC.:**

Donnie Webb has been employed by MidWest Transport, Inc. since 2007. Prior to his employment at Midwest, Mr. Webb had 32 years of truck driving experience, dating back to the mid 1960's. Throughout that entire period, Mr. Webb has had only one accident, and that was deemed not to be his fault.

On the day of the accident, Mr. Webb was driving his normal route that consists of picking up and delivering mail for the U.S. Postal Service between Memphis and Crossville and back. Mr. Webb was driving in left lane, eastbound on 1-40 heading towards Crossville, when he noticed a brush fire. Based on his past experience, Mr. Webb knew that brush fires along this portion of the interstate are common as the grass is usually dry and people tend to flick cigarette butts out while driving.

Mr. Webb first noticed a Ford F-150 in the right lane in his high view mirror. The vehicle was at the rear of the trailer and approaching faster than Mr. Webb was traveling. Mr. Webb estimates that he was traveling at approximately 65 – 68 miles an hour and the Ford F-150 was going approximately 5 miles per hour faster (65 - 70 mph). As the Ford F-150 approached, Mr. Webb began to apply his brakes softly to correspond with the traffic in front of him since it was beginning to slow down. Mr. Webb was maintaining approximately two and half trailer lengths between his vehicle and the one in front of him.

When the Ford F-150 was approximately ten feet in front of his vehicle in the right lane, it changed lanes quickly and entered Mr. Webb's lane without warning. Mr. Webb then attempted to apply his brakes to increase the distance between his truck and the Ford F-150. As he was braking and within a few seconds, Mr. Webb noticed a silver Pontiac further ahead in the left lane coming to a complete stop on the interstate near the brush fire. The individuals in the Pontiac opened their doors, making it appear as though the traffic was coming to a complete stop. Mr. Webb attempted to apply his brakes harder, but he did not have enough distance between himself and the Ford F-150. As a result, Mr. Webb turned his wheel in order to avoid as much as impact as possible with the F-150 while avoiding rolling his rig from turning too hard. Despite his efforts to slow down, the tractor trailer's right front struck the Ford F-150's left rear. Mr. Webb also was attempting to slow down as much as possible, estimating his speed to be approximately 25-30 miles per hour at impact with the Ford F-150.

After impact with the Ford F-150, Mr. Webb directed the vehicle into the median, which has a three-foot downgrade. Mr. Webb was able to straighten out the vehicle and utilize his emergency trailer brake. Mr. Webb lost consciousness for a short period, and an EMT woke him up. Mr. Webb does not believe that he would have hit the Ford F-150 if the silver Pontiac had

not stopped in the left lane of 1-40 and the Ford F-150 had not cut into his lane so quickly. Defendants, therefore, submit comparative fault will need to be determined and, if applicable, the reasonable amount of damages.

      C.    **S**ENTINEL **I**NSURANCE **C**OMPANY**, LTD.**

Sentinel alleges that the claims, losses and damages sued for herein were not caused by the legal fault or negligence of the operator or owner of the alleged uninsured/underinsured motorist vehicle. Moreover, it is denied that the claims, losses and damages sued for herein were caused by an uninsured motorist and thus Sentinel's coverage is not implicated. Further, Sentinel has no liability to the extent the claims, losses and damages sued for were caused by the fault of the plaintiff's decedent.

Sentinel's total potential liability is limited by its contract of insurance, and Sentinel is only liable when and to the extent that such coverage exceeds the sum of the limits of all other insurance coverage collectible under all liability and all primary uninsured motorist policies applicable to the injuries and damages claimed in this action. Sentinel's total liability is limited to the amount set forth in its contract for insurance for uninsured/underinsured motorist benefits which amount is Five Hundred Thousand and No/100 Dollars ($500,000.00). On information and belief, the named defendants' available liability coverage equals or exceeds Sentinel's applicable limits. Sentinel is also entitled to all defenses and statutory rights afforded to it by <u>Tenn. Code Ann</u>. § 56-7-1201, <u>et</u> <u>seq</u>. and any and all policy defenses and violations, exclusions, set-offs, limitations or conditions of the policy which may now or hereafter be known to exist or act as a limit or bar to the recovery by the plaintiffs. All questions of coverage, exclusions and matters related to the policy, or upon <u>Tenn. Code Ann</u>. § 56-7-1201, <u>et</u> <u>seq</u>. must be severed from the jury trial of the principal action..

### IV. ISSUES IN DISPUTE

All issues except jurisdiction and venue are presently in dispute.

### V. INITIAL DISCLOSURES

Initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) shall be exchanged on or before August 15, 2011.

### VI. DISCOVERY

1. The parties shall complete all written discovery and depose all fact witnesses on or before December 30, 2011.

2. On or before January 31, 2012, Plaintiff shall declare the identities of her expert witnesses and provide all of the information required under the Local Rules and the Federal Rules of Civil Procedure.

3. On or before March 2, 2012, Defendants shall declare the identities of their expert witnesses and provide all of the information required under the Local Rules and the Federal Rules of Civil Procedure.

4. All expert depositions shall be completed by April 30, 2012.

Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow sixty (60) interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

### VII. ELECTRONIC DISCOVERY

The parties have reached an agreement as to how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

### VIII. MOTIONS TO AMEND

The parties shall file all motions to amend on or before November 30, 2011.

### IX. DISPOSITIVE MOTIONS

The parties shall file all dispositive motions on or before April 30, 2012. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel, and the Court.

### X. JOINT MEDIATION REPORT

The parties shall submit a joint mediation report on or before ~~April 30,~~ March 5, 2012.

### XI. ESTIMATED TRIAL TIME

The parties estimate that this jury trial will take approximately five (5) days.


It is so **ORDERED**.

_____
**ALETA A. TRAUGER**
**United States District Judge**

**APPROVED FOR ENTRY:**

/s/ Joseph F. Welborn, III
Robert J. Walker – Tenn. Bar No. 2498
Joseph F. Welborn, III – Tenn. Bar No. 15076
Lauren Patten Coble – Tenn. Bar No. 27457
WALKER, TIPPS & MALONE PLC
2300 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219-2424
615-313-6000

*Attorneys for Plaintiff*


/s/ Jonathan Cole
Jonathan Cole – Tenn. Bar No. 16632
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
615-726-5600

*Attorney for Defendants*


/s/ Daniel P. Berexa
Daniel P. Berexa – Tenn. Bar No. 15158
CORNELIUS & COLLINS, LLP
511 Union Street, Suite 1500
PO Box 190695
Nashville, Tennessee 37219-0695
615-244-1440

*Attorney for Sentinel Insurance Company, LTD.*