UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUE STANSELL BROWN, individually and as surviving spouse of John Victor Brown, Jr., <br><br>　　Plaintiff,<br><br>v.<br><br>DONNIE WEBB and<br>MIDWEST TRANSPORT, INC.<br><br>　　Defendants. | Case No. 3:11-cv-00340<br><br>Judge Trauger |

## MEMORANDUM

Sentinel Insurance Company, Ltd. ("Sentinel") has filed a Motion for Summary Judgment (Docket No. 23), to which the plaintiff responded (Docket No. 35), and the defendant filed a Reply (Docket No. 37). For the reasons set forth herein, the motion will be granted.

## BACKGROUND[1]

This wrongful death action arises from a motor vehicle accident that occurred on or about October 1, 2010, in which the plaintiff's husband, John Victor Brown, Jr. ("Vic Brown"), died as a result of injuries sustained when a tractor-trailer driven by defendant Webb, on the business of his employer, defendant Midwest, crashed into the rear of Vic Brown's vehicle on U.S. Interstate 40 in Wilson County, Tennessee. On April 7, 2011, the plaintiff filed suit against Webb and

---

[1] In support of its motion, Sentinel filed a Memorandum (Docket No. 25) and a Statement of Facts (Docket No. 24), to which the Plaintiffs responded (Docket No. 36). Except as noted herein, the referenced facts are undisputed. Sentinel also filed a Motion to Ascertain Status of Motion for Summary Judgment on February 3, 2012 (Docket No. 42), which advised the court of developments subsequent to the Reply. Defendants Donnie Webb ("Webb") and Midwest Transport, Inc. ("Midwest") have not responded to the motion.

1

Midwest, alleging only the fault of Webb and Midwest. (Docket No. 1.)[2] Because the plaintiff did not allege the fault of any "John Doe" entity, the plaintiff did not issue a "John Doe" warrant pursuant to Tenn. Code Ann. § 56-7-1206(b). Sentinel was served as the alleged uninsured/underinsured motorist carrier for the plaintiff.

On July 26, 2011, the court filed a Revised Initial Case Management Order (Docket No 16) that incorporated defendants' "brief theory" of the case, including their theory that, on the date of the accident, "as he was braking and within a few seconds, Mr. Webb noticed a silver Pontiac further ahead in the left lane coming to a complete stop on the interstate near the brush fire. The individuals in the Pontiac opened their doors, making it appear as though the traffic was coming to a complete stop." This statement alluded to a potential claim of fault against an unidentified driver of that silver Pontiac, but provided no further details.

Thereafter, on August 3, 2011, the defendants filed their Answer. (Docket No. 18.) The Answer contains no reference to the Pontiac driver or any other "John Doe" motor vehicle owner or operator, although the Answer asserts a boilerplate affirmative defense that "[t]he injuries suffered by Plaintiff were caused by a party or parties other than the Defendants over whom Defendants exercised no control." (*Id.* ¶ 50.)

On November 30, 2011, the deadline for all motions to amend passed. Fact discovery closed on January 31, 2012. The plaintiff has not sought to amend the Complaint to assert a

---

[2]After the plaintiff filed the instant lawsuit, three later-filed lawsuits were designated as related. *See Wyatt, et al. v. Webb, et al.*, No. 3:11-cv-851 (filed September 8, 2011); *Rutherford, et al. v. Midwest Transport, Inc., et al.*, No. 3:11-cv-889 (filed September 19, 2011); *Murphy v. Midwest Transport, Inc., et al.*, No. 3:11-cv-975 (filed October 13, 2011). Those lawsuits were consolidated into this case, which was designated as the lead case. The three later-filed lawsuits – but not the instant lawsuit – were settled. (Docket No. 38.)

John Doe claim; nor have the defendants sought amendment of their Answer to assert a John Doe claim or to assert the potential comparative fault of any particular entity other than the decedent. Moreover, at deposition, Webb testified that the theory articulated by the defendants in the Initial Revised Case Management Order regarding the silver Pontiac was "false," and that, in fact, he had not seen the silver Pontiac until after the accident, when he was being escorted from the scene by medical personnel. (*See* Docket No. 23, Ex. B.)

The plaintiff has not identified any evidence concerning the fault of anyone other than Webb or Midwest; nor has she pled that anyone else is responsible. Webb and Midwest have not responded to the motion. Thus, there is no evidence in the record before the court concerning the potential liability of anyone other than the defendants.

Sentinel's total liability coverage for uninsured/underinsured motorist benefits is $500,000. (Docket No. 12 ¶ 49.) In their initial disclosures, filed pursuant to Fed. R. Civ. P. 26(a)(1), the defendants represented that they maintain $1,000,000 in liability coverage through the National Specialty Ins. Co. and an additional $2,000,000 in excess coverage through a commercial umbrella liability policy by Lexington Insurance Co. (Docket No. 23, Ex. A.)

## **ANALYSIS**

Sentinel contends that it is entitled to summary judgment because (1) the plaintiff did not file a "John Doe" warrant pursuant to Tenn. Code § 56-7-1201 *et seq.*; (2) no party has asserted the comparative fault of an unknown motor vehicle owner or operator; and (3) on the merits, there is no proof of fault of an unknown motor vehicle owner or operator. In response, the plaintiff has essentially admitted the underlying facts supporting Sentinel's argument, but requested that the court either (a) grant the motion and enter an associated order precluding the

defendants from asserting a theory of comparative fault against any unnamed/underinsured motorist going forward; or (b) reserve decision on the motion until the close of discovery – which deadline has since passed.

## I. Summary Judgment Standard

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2011). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the [plaintiff]." *Moldowan*, 578 F.3d at 374.

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). But "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient," and the plaintiff's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249, 252. An issue of fact is "genuine" only if a reasonable jury could find for the plaintiff. *Moldowan*, 578 F.3d at 374 (citing *Matsushita*, 475 U.S. at 587).

## II. Application

The defendants are insured, and their policy limits exceed Sentinel's

4

uninsured/underinsured coverage on the plaintiff. Therefore, Sentinel faces no potential liability relative to the defendants. *See Green v. Johnson*, 249 S.W. 3d 313 (Tenn. 2008) (uninsured/underinsured motorist carrier entitled to offset or credit for limits collectible under all liability policies applicable to the bodily injury or death of the insured); *Jones v. Prestige Cas. Co.*, 646 S.W.2d 918, 920 (Tenn. Ct. App. 1982). Accordingly, Sentinel is entitled to dismissal unless the parties have set forth, in compliance with applicable procedural and statutory requirements, a viable theory of liability that an uninsured motor vehicle owner or operator other than the defendants is at fault for Vic Brown's death. *See* Tenn. Code Ann. § 56-7-1201(e); *Jones*, 646 S.W. 2d at 920. The parties have made no such showing here.

Claims against an uninsured/underinsured motorist carrier are governed by Tenn. Code Ann. § 56-7-1201 *et seq.*, which provides, in pertinent part:

> If the owner or operator of any motor vehicle that causes bodily injury or property damage to a person insured under this part is unknown and if the insured satisfies all of the requirements of § 56-7-1201(e), should suit be instituted, the insured shall issue a John Doe warrant against the unknown owner or operator in order to come within the coverage of the owner's uninsured motorist policy . . . .

*Id.* at § 56-7-1206(b). Where an insured plaintiff fails to assert liability through this procedure within one year of the incident at issue, that plaintiff is foreclosed from recovering from the uninsured/underinsured motorist carrier, consistent with the general one-year statute of limitations on personal injury claims. *See Gafford v. Caruthers*, No. 91C-2709, 1994 WL 420917, at *2 (Tenn. Ct. App. Aug. 12, 1994); *Lane v. Montgomery*, No. E2006-01643-COA-R3-CV, 2007 WL 1860903, at *4-*5 (Tenn. Ct. App. June 28, 2007). Here, the incident occurred on or about October 1, 2010. Thus, the time to initiate a claim concerning an uninsured/underinsured third party, on whose behalf Sentinel could have been liable, lapsed on

or about October 1, 2011.  Thus, the parties are foreclosed from asserting a timely claim against Sentinel.  At any rate, neither the plaintiff nor the defendants have asserted any claim against a John Doe motorist, nor have they represented that they have any intention to do so.

Regardless, on the merits, the record contains no evidence concerning the potential liability of a John Doe vehicle owner or operator.  The defendants' pre-Answer statement of their preliminary theory of the case and their boilerplate affirmative defense that someone else might have caused Vic Brown's accident are obviously not evidence.  At any rate, in sworn testimony, Webb himself testified that no one else was at fault for the crash and specifically refuted the initial theory concerning the silver Pontiac.

For these reasons, summary judgment in favor of Sentinel is appropriate.  Furthermore, there is no reason for the court to reserve judgment.  Discovery has closed and the parties have not identified any basis on which Sentinel should not be immediately dismissed.

As to the plaintiff's request for an order precluding the defendants from asserting the comparative fault of an "unnamed, unisured/underinsured motorist at any point moving forward in this action," (Docket No. 35 at p. 1), the court denies that request without prejudice.  Should the defendants hereafter seek to assert such an argument, the plaintiff may object and the court will address the issue at an appropriate time, as necessary.

## CONCLUSION

For the reasons stated herein, Sentinel's motion will be granted.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge